**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Matthew Edward WEKALL,**
**Defendant—Appellant.**

No. 03–50268.

D.C. No. CR–02–00737–PA–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 3, 2004.*

Decided Feb. 4, 2004.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Ronald L. Cheng, Bruce Searby, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Charles C. Brown, James H. Locklin, Fed. Public Def., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before BROWNING, REINHARDT, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Matthew Edward Wekall ("Wekall") appeals the district court's denial of his motion to suppress evidence seized as a result of an investigatory vehicle stop. We review the ultimate determination of reasonable suspicion and a district court's denial of a suppression motion *de novo. United States v. Mariscal,* 285 F.3d 1127, 1129 (9th Cir.2002). Because the stop was supported by a reasonable suspicion that Wekall had violated a traffic law, *United States v. Lopez–Soto,* 205 F.3d 1101, 1104–05 (9th Cir.2000), we affirm.

Wekall argues that the one to two inch rectangular crack in the car's taillight cover, which was the basis for the stop, did not constitute a violation of the California Vehicle Code because the taillight was still in "good working order" and emitted a visible red light as required by Code Sections 24252(a) and 25950(b), respectively. Because the California Court of Appeal has held that a one-half to three-fourth inch wide crack in a taillight cover or an "unspecified" missing portion of a taillight cover is sufficient to justify a stop, we conclude that the California Supreme Court would hold that the one to two inch crack in the taillight cover here was a violation of the California Vehicle Code. *See People v. Vermouth,* 20 Cal.App.3d 746, 752, 98 Cal.Rptr. 65 (1971) (holding that the officer "properly halted the car because one of the tail lights had a crack in it ½ to ¾ inches wide, through which white light was being emitted"); *People v. Medina,* 110 Cal.App.4th 171, 174–76, 1 Cal.Rptr.3d 546 (2003) (holding that although the officers could not "recall the precise nature of the break," where one of the officers testified that "some unspecified portion of the plastic cover was missing," the traffic stop was lawful).[1]

Accordingly, the stop was supported by reasonable suspicion objectively grounded in California law, *Lopez–Soto,* 205 F.3d at 1106, and the district court's denial of the motion to suppress is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because we uphold the stop on this basis, we do not decide whether the district court erred in crediting Officer Whiddon's testimony that he had a separate lawful reason to stop the vehicle, namely that the license plate was not properly illuminated as required by California Vehicle Code Section 24601. We note, however, that Officer Whiddon's separate reason is open to question as it was not included in his thorough and lengthy police report.